UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
DEC 21 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| v. : | Crim. No. 07-274-01 (RJL) |
| RENITA FRANKLIN-THROWER, : | |
| Defendant. : | |

## STATEMENT OF THE OFFENSE

The United States, by and through its attorney, the United States Attorney for the District of Columbia, and Defendant, Renita Franklin-Thrower, hereby submit this Statement of the Offense.

At all times relevant to this case, the National American Red Cross (Red Cross) was a corporation with its principal place of business and national headquarters in the District of Columbia. At all times relevant to this matter the Red Cross National Headquarters was located at 2025 E Street, N.W., Washington, D.C. The Red Cross' principal purposes were to provide volunteer aid in the time of war to the sick and wounded of the Armed Forces, and to "carry out a system of national and international relief in the time of peace and to apply that system in mitigating the suffering caused by pestilence, famine, fire, floods and other great national calamities."[1]

In order to carry out its mission, the Red Cross ran various programs and provided various services throughout the world and the United States. Also in order to carry out its mission including making payments to its employees, staff, suppliers of goods and services, and contractors, the Red Cross maintained accounts at various banks and maintained an endowment. In addition to having received donations and grants, the Red Cross received annually hundreds of thousands of dollars

---

[1] 36 U.S.C. § 300103(4)

from the United States Federal Government in the form of grants, programs, contracts, loans and subsidies. At all times relevant to this matter, from 2004 through 2007, the Red Cross received in excess of $10,000.00 from the Federal Government in the form of grants.

On or about August 4, 2005, defendant Franklin-Thrower was hired by the Red Cross to work at its National Headquarters in the District of Columbia as a Payroll Administrator at an annual salary of $50,024. Defendant Franklin-Thrower received her salary by electronic funds deposit (direct deposit) into her PNC bank account. As a Payroll Administrator defendant Franklin-Thrower's responsibilities included: making and processing payments to various tax authorities for payroll taxes; interfacing with a third-party payroll company called "ADP," and, when the need arose, processing "manual" checks paid out directly from the Red Cross' JP Morgan Chase Bank Payroll Account on the occasions that such checks would have to be issued to employees of Red Cross.

All Red Cross employees received their payroll pay directly from ADP in the form of a paper check or via direct deposit. As a normal operation, Red Cross did not pay its employees with paper payroll checks that were generated within its own payroll office. Instead, manual payroll checks drawn on the Red Cross account at JP Morgan Chase bank were prepared and issued from the payroll office in the occasional event that a person had not received his payroll check from ADP, misplaced a check, or had not been paid but was due his payroll check.

The manual payroll checks maintained by Red Cross were kept secured and were only accessible by the small payroll staff and some supervisors. One person with such access during all relevant times was defendant Franklin-Thrower. These manual payroll checks were prepared and produced in the payroll office by having a payroll employee "key-in" the relevant information

including the name of the employee, the date of the check, and the amount of pay the employee was due. Once this information was "keyed-in" the check was printed with the authorized signature printed on the face of the check. As a payroll employee Ms. Franklin-Thrower could "key-in" information into the payroll computer to print a payroll check.

Beginning on or about August 28, 2006, until on or about January 11, 2007, defendant Franklin-Thrower devised a scheme to embezzle, steal, or obtain by fraud, the money of the Red Cross by using her position in the payroll department to access manual payroll checks and produce Red Cross manual payroll checks made out to herself to which she was not entitled. Upon completion of the manual checks made out to herself, defendant Franklin-Thrower would either deposit the money or otherwise convert the money to her use with neither the knowledge nor authority of the Red Cross. From on or about August 28, 2006, until on or about January 11, 2007, defendant Franklin-Thrower executed this scheme on seven occasions and wrote seven manual checks to herself totaling $28,617.50 to which she was not entitled.

On or about January 30, 2007, after a routine review of the financial records during the bank reconciliation process by the Red Cross Shared Services Center revealed the scheme, Red Cross employees disclosed to defendant Franklin-Thrower that they had discovered the scheme and the unauthorized payments to defendant. At that time, defendant, Franklin-Thrower admitted that she had stolen the money from the Red Cross.

        Respectfully submitted,

        JEFFREY A. TAYLOR
        United States Attorney

        _____
        JOCELYN S. BALLANTINE
        Assistant United States Attorney
        CA Bar No. 208-267
        Federal Major Crimes Section
        555 Fourth Street, N.W., Room 4237
        Washington, D.C. 20530
        202-514-7533
        Jocelyn.Ballantine2@usdoj.gov

## DEFENDANT'S ACKNOWLEDGMENT

I have read this Statement of the Offense and have discussed it with my attorney, Shawn Moore, Esquire. I fully understand this Statement of the Offense. I agree and acknowledge by my signature that this Statement of the Offense is true and accurate. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Statement of the Offense fully.

Date: 12/21/2007

RENITA FRANKLIN-THROWER
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read this Statement of the Offense, and have reviewed it with my client fully. I concur in my client's desire to adopt this Statement of the Offense as true and accurate.

Date: December 21, 2007

SHAWN MOORE, ESQUIRE
Assistant Federal Public Defender
Attorney for Defendant