UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.  : | CRIMINAL NO.: 07-CR-274 (RJL) |
| : | |
| RENITA FRANKLIN-THROWER, : | |
| : | |
| Defendant. : | |
| _____ : | |

## GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING FOLLOWING REVOCATION OF SUPERVISED RELEASE

The United States of America, by and through its counsel, the United States Attorney for the District of Columbia, hereby submits this memorandum in aid of sentencing following revocation of the defendant's supervised release.  Under the advisory Sentencing Guidelines, the defendant faces a sentence of 3-9 months in prison at her sentencing hearing scheduled for September 19, 2013.  For the reasons noted herein, the government respectfully requests a term of incarceration at the top of the applicable guidelines range, 9 months in prison.

## BACKGROUND

The defendant was initially sentenced by the Court on June 19, 2008, relating to her conviction for Obtaining Funds by Embezzlement From an Organization Receiving Federal Funds, in violation of 18 U.S.C. § 666(a)(1)(A).  The Court imposed an initial sentence of four months in prison, followed by 36 months of supervised release with various special conditions.  Among the special conditions imposed was a requirement that the defendant pay restitution in the amount of $28,617.50, at a rate of $100 per month.  On January 25, 2010, the Court issued an amended order for criminal contempt and sentenced the defendant to an additional four months of incarceration,

1

followed by three years of supervised release. The defendant's supervised release commenced on June 2, 2010, and was due to expire on June 1, 2013.

Over the course of her supervised release, the defendant engaged in multiple violations of her supervision, including failures to notify U.S. Probation regarding re-arrest, failure to notify her employer regarding the offense of conviction, failure to follow her probation officer's instructions, and failure to pay restitution. *See* U.S. Probation Office Petition (ECF No. 41), at 2-3. Indeed, in the years she has been on supervision in this case, the defendant has made only three payments in total towards her restitution -- $200 on September 30, 2011; $200 on November 8, 2011; and $400 on January 31, 2012. (ECF No. 41, at 6.) Of particular significance, the defendant has not made a single payment towards her restitution since January 2012. Not a single dollar to demonstrate any good-faith effort to pay her restitution and comply with her supervised release conditions in nearly 20 months. As a result, the defendant still owes an outstanding restitution amount of $27,817.50.

On April 11, 2013, the Court held a hearing on violation, during which the defendant conceded to the violations regarding a failure to pay restitution since January 2012, and a failure to notify U.S. Probation within 72 hours of a re-arrest. The Court revoked the defendant's supervised release and resentenced her to an additional two years of supervised release with the same conditions originally imposed, including the requirement to pay $100 per month towards her restitution. Based on the defendant's representation regarding her ability to make a payment towards her restitution before June 2013, the Court ordered the defendant to pay $900 prior to the next hearing before the Court on May 23, 2013. At the time, the Court noted that it would be "one last chance" for the defendant and that any violation would lead to incarceration.

At the time of the next hearing on May 23, 2013, the defendant failed to appear. According to U.S. Probation, the defendant advised that she would not be present at the hearing due to a work

commitment. U.S. Probation advised further that the defendant had not made any additional restitution payments, as ordered by the Court. The Court found the defendant in violation of her supervised release and issued a bench warrant for her arrest.

The Court held another hearing on September 4, 2013, at which the defendant initially failed to appear. After the Court issued a bench warrant, the defendant appeared late, shortly thereafter, and self-surrendered on the bench warrant. The Court thereafter revoked the defendant's supervised release based on the defendant's failure to comply with the terms and conditions of her supervised release, and scheduled sentencing for September 19, 2013.

## ARGUMENT

The Court must impose a sentence that is sufficient, but not greater than necessary, to comply with 18 U.S.C. § 3553(a) and the factors that must be considered in imposing sentence. In addition to considering the applicable guidelines or policy statements issued by the United States Sentencing Commission, the Court also must consider the need for the sentence imposed (i) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (ii) to afford adequate deterrence to criminal conduct; (iii) to protect the public from further crimes of the defendant; and (iv) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. *See* 18 U.S.C. § 3553(a). The Court also must consider the nature and circumstances of the offense, the history and characteristics of the defendant, and the kinds of sentences available. *See id.*

The Supreme Court has declared that, in terms of determining an appropriate sentence, "[a]s a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49, 128 S. Ct. 586,

596 (2007) ("a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range"). Although advisory, the Guidelines assure some measure of uniformity in sentencing, fulfilling a key Congressional goal in adopting the Sentencing Reform Act of 1984. Therefore, the Supreme Court has held that "district courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process." *Gall*, 128 S. Ct. at 597 n.6.

As noted by U.S. Probation, the applicable guidelines range with respect to the incarceration aspect of sentencing following the defendant's revocation of supervised release is 3 to 9 months in prison. (ECF No. 40, at 3.) The maximum statutory term of imprisonment upon revocation of supervised release in this case is 24 months. (*Id.*)

In light of all of the factors outlined in 18 U.S.C. § 3553(a), the facts at issue in this case, and the defendant's consistent and repeated failure to comply with her conditions of supervised release, an appropriate sentence following revocation of the defendant's supervised release is 9 months incarceration. As noted above, the defendant has engaged in repeated failures to comply with her conditions of supervised release, including a complete failure to make any good faith effort to pay her restitution. Other than three isolated payments at the end of 2011 and beginning of 2012, the defendant has made no payments towards restitution.

The defendant also has shown a repeated disregard for the Court's orders and demonstrated outright disrespect to the Court in her failures to appear, and appear timely, for hearings and failures to comply with court orders. The Court has afforded the defendant multiple opportunities to come into compliance with her supervised release conditions and she has repeatedly neglected to avail herself of those opportunities.

## **CONCLUSION**

For the foregoing reasons, the government respectfully recommends a sentence of 9 months incarceration following the revocation of the defendant's supervised release.

                                            Respectfully submitted,

                                            RONALD C. MACHEN JR.
                                            United States Attorney
                                            For the District of Columbia

By:    _____/s/_____
         DAVID A. LAST
         Assistant United States Attorney
         Fraud and Public Corruption Section
         555 4th Street, N.W.
         Washington, D.C. 20530
         202.252-7020 (telephone)
         David.Last@usdoj.gov (email)

DATED: September 13, 2013